UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

MATHEW COLLETT,

                    Plaintiff,

        v.

PIERCE COUNTY, et al.,

                    Defendants.

CASE NO. 3:26-CV-5496-JNW-DWC

ORDER DECLINING SERVICE

Plaintiff Mathew Collett, proceeding *pro se* and *in forma pauperis*, initiated this prisoner civil rights action under 42 U.S.C. § 1983. Dkt. 8, 9. Having reviewed and screened Plaintiff's complaint (Dkt. 9) in accordance with 28 U.S.C. § 1915A, the Court declines to serve the complaint and, instead, provides Plaintiff leave to file an amended pleading by **July 31, 2026**, to cure the deficiencies identified herein. Additionally, the Court strikes Plaintiff's motion for summary judgment (Dkt. 10), which is premature and procedurally improper.

## I.    BACKGROUND

Plaintiff, a pretrial detainee currently confined at Pierce County Jail ("PCJ"), initiated this action concerning medical care provided at that facility. Dkt. 9. As defendants, Plaintiff names Pierce County; an unidentified PCJ day-shift sergeant; an unidentified sick call nurse at PCJ; an

ORDER DECLINING SERVICE - 1

unidentified third-party contractor that provides medical services at PCJ; an unidentified medical provider at PCJ; an unidentified PCJ lieutenant; and an unidentified booking nurse at PCJ. *Id*. at 3–4. Plaintiff states that he does not know the identities of the individual defendants or the name of the third-party medical contractor. *Id.*

Plaintiff raises a single claim for relief against all defendants, alleging violations of the Fourteenth Amendment to the United States Constitution and the Washington Constitution's prohibition against cruel punishment. *Id*. at 5–10. Specifically, Plaintiff alleges he was transferred from the Washington Department of Corrections ("DOC") to the PCJ with a controller for his spinal cord stimulator. *Id*. at 5–6. Plaintiff alleges that, upon his arrival, the unidentified booking nurse instructed the DOC transport officers to confiscate the controller. *Id.* Plaintiff alleges the DOC officers informed the booking nurse that the controller was a medical device required for Plaintiff's treatment, but the booking nurse nevertheless refused to allow Plaintiff to retain it, stating he would receive it when he returned to DOC custody. *Id.* at 6. Plaintiff further alleges he explained that he would experience severe pain and muscle cramps without the controller and that his medical need could be confirmed by his medical provider and by DOC staff. *Id.* at 6–7. The booking nurse stated Plaintiff could not have the device while at PCJ because of unspecific policy allegedly established by Pierce County, the unidentified third-party medical contractor, and the unidentified lieutenant. *Id.*

Next, Plaintiff alleges that he submitted kites regarding his inability to have the controller to which the unidentified day-shift sergeant allegedly responded that Plaintiff should "grieve it" and "contact the federal court clerk for help." *Id.* at 7.

Plaintiff further alleges that, on or about April 27, 2026, he developed painful redness and inflammation on the left side of his nose that spread to his chest, ribs, and back by the following morning. *Id.* at 7–8. Plaintiff alleges he submitted a sick call request and was seen by

nursing staff, after which the unidentified medical provider reviewed photographs of the affected areas but did not examine Plaintiff in person and prescribed hydrocortisone cream. *Id*. at 8. Plaintiff alleges the rash subsequently worsened, became increasingly painful, additional sick call requests about the rash went unanswered, and the hydrocortisone treatment was discontinued without explanation. *Id.* at 8–9.

Finally, Plaintiff alleges that, when he submitted kites about his rash, the unidentified day-shift sergeant advised him that he was receiving treatment and could pursue relief through the grievance process. *Id.* at 9. After filing his complaint, Plaintiff also filed a motion for summary judgment. Dkt. 10. In that motion, Plaintiff asserts that his rash has since been diagnosed as shingles and alleges that the hydrocortisone cream that he received constituted inadequate medical treatment. *Id*

## II.   SCREENING STANDARD

Under the Prison Litigation Reform Act of 1995, the Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must "dismiss the complaint, or any portion of the complaint, if the complaint: [ ] is frivolous, malicious, or fails to state a claim upon which relief may be granted[.]" *Id.* at (b); 28 U.S.C. § 1915(e)(2); *see Barren v. Harrington*, 152 F.3d 1193 (9th Cir. 1998). Dismissal on these grounds counts as a "strike" under 28 U.S.C. § 1915(g).

The Court is required to liberally construe *pro se* documents. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). However, the pleadings must raise the right to relief beyond the speculative level and must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).

ORDER DECLINING SERVICE - 3

After screening a *pro se* complaint, the Court must generally grant leave to file an amended complaint if there is a possibility the pleading's deficiencies may be cured through amendment. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir.1992); *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012) ("A district court should not dismiss a *pro se* complaint without leave to amend unless 'it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.'") (quoting *Schucker v. Rockwood*, 846 F.2d 1202, 1203–04 (9th Cir. 1988)). However, once a *pro se* plaintiff has been given leave to amend and instructed on how to cure the pleading deficiencies, the Court may properly dismiss an action based on deficiencies that remain. *See Swearington v. California Dep't of Corr. & Rehab.*, 624 F. App'x 956, 959 (9th Cir. 2015).

## III.   DISCUSSION

Upon review, the Court concludes the complaint contains several deficiencies that must be cured before Plaintiff may proceed in this action. Specifically, Plaintiff (A) does not provide sufficient information to effect service of the summons and complaint to all defendants, (B) fails to adequately allege the personal participation of several individual defendants, (C) fails to allege facts sufficient to plausibly support liability against Defendant Pierce County and the unnamed third-party medical contractor, and (D) improperly presents further factual allegations in his motion for summary judgment rather than in a pleading. Each deficiency is discussed below.

### A.     Unidentified Defendants

Pursuant to Rule 4(m) of the Federal Rules of Civil Procedure, service of the summons and complaint must be made upon a defendant within 120 days after the filing of the complaint. Unless the plaintiff can show good cause for his failure to serve, the Court shall dismiss the action without prejudice as to that defendant or shall extend the time for service. Fed. R. Civ. P. 4(m). In cases involving a plaintiff proceeding *in forma pauperis*, "an incarcerated *pro se*

ORDER DECLINING SERVICE - 4

plaintiff proceeding *in forma pauperis* is entitled to rely on the U.S. Marshal for service of the summons and complaint and . . . should not be penalized by having his action dismissed for failure to effect service where the U.S. Marshal or the court clerk has failed to perform his duties." *Walker v. Sumner*, 14 F.3d 1415, 1422 (9th Cir. 1994) (quoting *Puett v. Blanford*, 912 F.2d 270, 275 (9th Cir. 1990)), *abrogated on other grounds by Sandin v. Connor*, 515 U.S. 472 (1995). "So long as the prisoner has furnished the information necessary to identify the defendant, the marshal's failure to effect service is "automatically good cause." *Walker*, 14 F.3d at 1422 (quoting *Sellers v. United States*, 902 F.2d 598, 603 (7th Cir. 1990)). However, where a *pro se* plaintiff fails to provide accurate and sufficient information to effect service of the summons and complaint, the Court's *sua sponte* dismissal of the unserved defendant is appropriate. *Walker*, 14 F.3d at 1421–22.

Here, Plaintiff includes several unidentified defendants in his complaint but does not include sufficient information to permit the court to effect service. Dkt. 9 at 3–4. While Plaintiff alleges that several unidentified individuals are employees of PCJ such that service may be attempted there, Plaintiff does not include sufficient identifying information for these individuals to ensure service upon the correct PCJ employee. This is also true with respect to the unidentified third-party that provides medical services at PCJ and any potential employees thereof. Accordingly, in any amended pleading, Plaintiff must provide accurate and sufficient information to permit service upon each defendant.

**B.    Personal Participation by Individual Defendants**

Turning to Plaintiff's claims against individual defendants, the first step in pleading an individual capacity § 1983 claim is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994). At step two, a plaintiff must allege facts showing how the individual defendants caused, or personally participated in causing, the harm

ORDER DECLINING SERVICE - 5

alleged in the complaint. *See Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981). These allegations must be supported by specific facts and circumstances demonstrating personal involvement as sweeping and conclusory allegations against a defendant are insufficient to state a claim for relief. *Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988). Furthermore, supervisory personnel cannot be held liable for the actions of their subordinates under a theory of vicarious liability, meaning that supervisors are only liable for their own acts or failures to act. *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989).

A pretrial detainee's right to adequate medical care arises under the due process clause of the Fourteenth Amendment. *Gordon v. Cnty. of Orange*, 888 F.3d 1118, 1120 (9th Cir. 2018). The elements of such a claim are: (1) "the defendant made an intentional decision with respect to the conditions under which the plaintiff was confined"; (2) "those conditions put the plaintiff at substantial risk of suffering serious harm"; (3) "the defendant did not take reasonable available measures to abate that risk, even though a reasonable official in the circumstances would have appreciated the high degree of risk involved—making the consequences of the defendant's conduct obvious"; and (4) "by not taking such measures, the defendant caused the plaintiff's injuries." *Id.* at 1125.

Here, Plaintiff has not alleged sufficient facts to demonstrate personal participation in the alleged denial of adequate medical care by the unidentified day-shift sergeant, the unidentified sick call nurse, or the unidentified lieutenant. With respect to the unidentified day-shift sergeant, Plaintiff alleges only that this defendant responded to his kites by advising Plaintiff to pursue the grievance process and "contact the federal court clerk for help." Dkt. 9 at 7. However, Plaintiff does not allege sufficient facts demonstrating what the day-shift sergeant knew or reasonably should have known about Plaintiff's conditions and alleged need for treatment, nor does he

ORDER DECLINING SERVICE - 6

allege facts showing what actions the day-shift sergeant took or failed to take that caused the alleged harm.

As for the sick call nurse, Plaintiff generally complains about not being able to access sick call at PCJ, but he provides no factual allegations describing what the unidentified sick call nurse observed, what actions she took or failed to take, or how the nurse personally violated Plaintiff's constitutional rights. *Id.* at 7–8.

Finally, for the unidentified lieutenant, Plaintiff alleges only that the unidentified booking nurse informed him an unspecified policy preventing him from having his spinal cord stimulator controller had been established by, among others, an unidentified lieutenant. *Id.* at 6–7. Plaintiff does not allege facts showing the lieutenant personally participated in the decisions regarding Plaintiff's medical care, that he knew or reasonably should have known the alleged policy would place Plaintiff in substantial risk of serious harm, or that he was otherwise directly involved an alleged violation of Plaintiff's constitutional rights.

In any amended pleading, Plaintiff must support his claims against each defendant with sufficient factual detail to demonstrate their personal participation in the constitutional harms alleged. Sweeping allegations against all defendants will not suffice. Instead, Plaintiff must identify the way in which the actions or inactions of each defendant caused him a specific constitutional injury.

**C.      *Monell* Liability for Official Defendants**

Next, Plaintiff does not allege sufficient facts to establish liability of official capacity defendants, including Pierce County and the unidentified medical service contractor. To state a claim against an official capacity defendant, such as a county or private entity acting under color of state law, a plaintiff must allege facts showing the harm alleged in the complaint was caused by an official custom, pattern, or policy permitting deliberate indifference to, or violations of, the

ORDER DECLINING SERVICE - 7

plaintiff's civil rights. *Monell v. Department of Soc. Servs. of City of New York*, 436 U.S. 658, 691–91 (1978). To satisfy this standard, a plaintiff must allege facts sufficient to show the existence of a county policy or custom that was the moving force behind the alleged constitutional deprivation. *See Oviatt v. Pearce*, 954 F.2d 1470, 1474 (9th Cir. 1992). A single incident of unconstitutional action is generally insufficient to demonstrate the existence of an official county policy or custom. *See Benavidez v. Cnty. of San Diego*, 993 F.3d 1134, 1154 (9th Cir. 2021).

Here, Plaintiff alleges the unidentified booking nurse informed him that he could not have the controller for his spinal cord stimulator while at PCJ because of a policy allegedly established by Pierce County and the unidentified third-party medical contractor. *Id*. at 6–7. While Plaintiff refers to the existence of a policy and alleges a single incident of harm stemming from such a policy, he does not provide sufficient factual detail to attribute this policy to any particular defendant. Furthermore, Plaintiff does not provide factual allegations describing what the alleged policy required and, as such, he has failed to demonstrate that the policy was the moving force behind his alleged constitutional harms. Accordingly, Plaintiff has not plausibly alleged liability against Pierce County or the unidentified third-party medical contractor.

In any amended pleading, Plaintiff must only include official capacity defendants if he can allege additional facts identifying the policy upon which his claims are based, explain how that policy is attributable to Pierce County or the unidentified third-party medical contractor, and allege facts showing that the policy was the moving force behind the constitutional deprivation he claims to have suffered.

**D.      Plaintiff's Motion for Summary Judgment (Dkt. 10)**

Finally, Plaintiff has also filed a motion for summary judgment in this action. Dkt. 10. Plaintiff has included additional factual allegations in his motion for summary judgment that are

ORDER DECLINING SERVICE - 8

not contained in the complaint, including allegations that his rash was later diagnosed as shingles and that he continued to receive inadequate treatment after filing this action. *Id.* However, Plaintiff may not supplement or amend the factual allegations contained in his complaint by asserting additional facts in subsequent motions. *See Schneider v. California Department of Corrections*, 151 F.3d 1194, 1197 n.1 (9th Cir. 1998) (in assessing whether a plaintiff has stated a viable claim for relief, the "court *may not* look beyond the complaint to a plaintiff's moving papers" (emphasis in original)). Rather, Plaintiff must amend his pleadings according to the procedures outlined in Rule 15 of the Federal Rules of Civil Procedure or as otherwise directed by the Court.

Additionally, as Plaintiff has not filed a pleading sufficient for service, his motion for summary judgment is premature and procedurally improper. Accordingly, Plaintiff's motion (Dkt. 10) is hereby stricken from the record in this case. Plaintiff shall not file further motions for summary judgment unless and until he has filed a pleading that the Court finds sufficient for service and defendants have been served in this action and had an opportunity to file responsive pleadings.

## IV.  INSTRUCTIONS TO PLAINTIFF

For the above stated reasons, the Court declines to direct service of the complaint. Therefore, if Plaintiff intends to proceed in this action, he must file an amended complaint. The amended complaint must contain a short, plain statement telling the Court: (1) the constitutional right Plaintiff believes was violated; (2) the name of the person who violated the right; (3) exactly what the individual did or failed to do; (4) how the action or inaction of the individual is connected to the violation of Plaintiff's constitutional rights; and (5) what specific injury Plaintiff suffered because of the individual's conduct. *See Rizzo v. Goode*, 423 U.S. 362, 371–72, 377 (1976). Each claim for relief must be simple, concise, and direct.

ORDER DECLINING SERVICE - 9

Plaintiff shall present the amended complaint on the form provided by the Court. The amended complaint must be legibly rewritten or retyped in its entirety, it should be an original and not a copy, it should contain the same case number, and it may not incorporate any part of the original complaint by reference. The amended complaint will act as a complete substitute for the original complaint, not as a supplement. The Court will screen the amended complaint to determine whether it contains factual allegations linking each defendant to a plausibly alleged violations of Plaintiff's rights. If Plaintiff fails to file an amended complaint or fails to adequately address the issues raised herein on or before **July 31, 2026**, the undersigned may recommend dismissal of this action pursuant to 28 U.S.C. § 1915.

Finally, for any defendant included in the amended pleading, Plaintiff must provide identifying information sufficient for the Court to effect service upon those defendants. Failure to do so may result in dismissal of unserved defendants. *See Walker*, 14 F.3d at 1422.

The Clerk is directed to send Plaintiff the appropriate forms for filing a 42 U.S.C. § 1983 civil rights complaint and for service. The Clerk is further directed to send copies of this Order and *Pro Se* Instruction Sheet to Plaintiff.

Dated this 1st day of July, 2026.

David W. Christel
United States Magistrate Judge

ORDER DECLINING SERVICE - 10